Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, New Jersey 07632
(P) 201.461.0059
(E) David@Lupoloverlaw.com

The Callan Law Firm, P.C.
11480 Sunset Hills Road, Suite 120E
Reston, Virginia 20190
(914) 483-7769
johnpaulc@thecallanlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

SHALAH DRUMMOND,

    Plaintiff,

vs.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant

Case No.: 1:14cv1713 GBL/TRJ

COMPLAINT

JURY TRIAL DEMAND

Plaintiff, SHALAH DRUMMOND, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the Defendants, NCO FINANCIAL SYSTEMS, INC. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in the city of Chesapeake, Chesapeake City County, State of Virginia, and is a "consumer" as defined by 15 U.S.C. § 1692a (3).

5. Defendant, NCO Financial Systems, Inc., is a corporation doing business in the State of Pennsylvania, with its corporate mailing address as 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as defined by 15 U.S.C § 1692a(6) as well as C.R.S. 12-14-103(7).

## FACTUAL STATEMENT

6. In or around August of 2011, Plaintiff enrolled in classes at J Sargent Reynold's Community College (hereinafter "JSRCC"). In or around February of 2012, Plaintiff received a refund check in the amount of $563.90 from JSRCC and was denoted by same as a refund check. Plaintiff cashed same.

7. In May of 2013, Plaintiff received a letter from JSRCC advising that, for reasons insignificant to this litigation, the check should have never been sent and that in fact, Plaintiff owed the school $1,257.90. In August of 2012, JRSCC then informed Plaintiff that the amount due and owing was in fact $563.90. Plaintiff does not dispute this.

8. In August of 2012, Plaintiff was informed by Defendant that her account was sent to collections with a balance due and owing of $637.86. Plaintiff does not dispute this.

9. On April 11, 2013, Plaintiff contacted Defendant to make a partial payment of $200 (hereinafter "the subject payment") on her JSRCC account. The amount due and owing at this

time was quoted by Defendant to still be $637.86. Plaintiff made the subject payment, along with (2) other payments to NCO on this date in the amounts of $208.60 and $260.40. A copy of the heavily redacted bank statement of Plaintiff showing payment of same is attached hereto marked "**Exhibit A.**"

10.     In June of 2013, Plaintiff contacted NCO to advise she wished to satisfy the remaining balance of $437.86 in full. At this time, representative for Defendant advised that she owed $637.86, not $436.86. Plaintiff advised that she had made a payment of $200.00 the month prior. Defendant denied same.

11.     Plaintiff immediately filed a dispute with her banking institution, Wells Fargo. Wells Fargo denied the dispute, which had been made with respect to all (3) separate payments to NCO, advising that the payments were authorized and had been posted to her account. A copy of the denial to reverse is attached hereto marked "**Exhibit B.**"

12.     In August of 2013, Plaintiff again reached out to NCO, advising that the subject payment had in fact gone through. Defendant denied same and reasserted a balance due and owing of $637.80.

13.     In September of 2013, Plaintiff again reached out to Defendant in an effort to resolve the issue. Plaintiff was instructed to fax over the paperwork showing the payment, the dispute and that the dispute was denied to the attention of an individual who identified himself as "Jeff Bortz," and identified himself as a manager. Mr. Bortz advised he would contact Plaintiff after reviewing the documentation. Plaintiff faxed same.

14.     On December 18th, 2013, having received no word from Defendant representative Bortz, Plaintiff called Defendant. Mr. Bortz asked why she sent paperwork showing (3) account payments, that the sending of same was "stupid," reasserted the amount due and owing of

$637.80, and advised that Plaintiff could take her issue up with the accounts department. Call was terminated.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

15. Plaintiff repeats the allegations contained in paragraphs 1 through 14 and incorporates them as if set forth at length herein.

16. In or around August of 2011, Plaintiff enrolled in classes at J Sargent Reynold's Community College (hereinafter "JSRCC"). In or around February of 2012, Plaintiff received a refund check in the amount of $563.90 from JSRCC and was denoted by same as a refund check. Plaintiff cashed same.

17. In May of 2013, Plaintiff received a letter from JSRCC advising that, for reasons insignificant to this litigation, the check should have never been sent and that in fact, Plaintiff owed the school $1,257.90. In August of 2012, JRSCC then informed Plaintiff that the amount due and owing was in fact $563.90. Plaintiff does not dispute this.

18. In August of 2012, Plaintiff was informed by Defendant that her account was sent to collections with a balance due and owing of $637.86. Plaintiff does not dispute this.

19. On April 11, 2013, Plaintiff contacted Defendant to make a partial payment of $200 (hereinafter "the subject payment") on her JSRCC account. The amount due and owing at this time was quoted by Defendant to still be $637.86. Plaintiff made the subject payment, along with (2) other payments to NCO on this date in the amounts of $208.60 and $260.40. **See Exhibit A.**

20. In June of 2013, Plaintiff contacted NCO to advise she wished to satisfy the remaining balance of $437.86 in full. At this time, representative for Defendant advised that she owed $637.86, not $436.86. Plaintiff advised that she had made a payment of $200.00 the month prior. Defendant denied same.

21. Plaintiff immediately filed a dispute with her banking institution, Wells Fargo. Wells Fargo denied the dispute, which had been made with respect to all (3) separate payments to NCO, advising that the payments were authorized and had been posted to her account. **See Exhibit B.**

22. In August of 2013, Plaintiff again reached out to NCO, advising that the subject payment had in fact gone through. Defendant denied same and reasserted a balance due and owing of $637.80.

23. In September of 2013, Plaintiff again reached out to Defendant in an effort to resolve the issue. Plaintiff was instructed to fax over the paperwork showing the payment, the dispute and that the dispute was denied to the attention of an individual who identified himself as "Jeff Bortz," and identified himself as a manager. Mr. Bortz advised he would contact Plaintiff after reviewing the documentation. Plaintiff faxed same.

24. On December 18th, 2013, having received no word from Defendant representative Bortz, Plaintiff called Defendant. Mr. Bortz asked why she sent paperwork showing (3) account payments, that the sending of same was "stupid," reasserted the amount due and owing of $637.80, and advised that Plaintiff could take her issue up with the accounts department. Call was terminated.

25. Defendant has mischaracterized the amount of the debt, by refusing to acknowledge that payment was made, and has done so in the fact of irrefutable evidence that the funds were

received by NCO. Defendant's tactics in failing to recognize the issue and credit her account properly are nothing short of abusive and harassing in nature. Defendant's actions are violative of 15 U.S.C. § 1692(d), 15 U.S.C. § 1692(e)(2)(A) and 15 U.S.C. § 1692(f)(1).

## DAMAGES

WHEREFORE, Plaintiff, SHALAH DRUMMOND, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

A. That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA;

B. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

D. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

E. That the Court grant such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank; signature page to follow.]*

Dated this 12th day of December, 2014

Respectfully Submitted,

/S/ *John P. M. Callan*

Attorney for Plaintiff
John Paul M. Callan
The Callan Law Firm, P.C.
11480 Sunset Hills, Suite 120E
Reston, VA 20190
(T) (914) 483-7769
johnpaulc@thecallanlawfirm.com

On Behalf of:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Phone: (201) 461-0059
Facsimile: (201) 608-7116
Email: David@lupoloverlaw.com